IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DUSTIN and TINA HALL,

    Plaintiffs,

v.

CRESTWOOD MANAGEMENT, LLC,

    Defendant.
_____/

CASE NO.

5:10-cv-657-oc-10DAB

FILED 2010 DEC 13 AM 11:19 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, DUSTIN and TINA HALL ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Hernando, and City of Spring Hill.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, CRESTWOOD MANAGEMENT, LLC ("Defendant") or ("CRESTWOOD") is a limited liability company who at all relevant times was engaged, by use

of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.  Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.  Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant, via its agent and/or employee "Lisa Volstad," placed a telephone call to Plaintiffs on September 1, 2010 @ 1:13 P.M., and at such time, failed to disclose to Plaintiffs its true corporate or business name.

## COUNT I

12. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 11.

13. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

14. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 10th day of December 2010.

          Respectfully submitted,
          **DUSTIN and TINA HALL**

          By: _____
          ALEX D. WEISBERG
          FBN: 0566551
          WEISBERG & MEYERS, LLC
          ATTORNEYS FOR PLAINTIFFS
          5722 S. Flamingo Rd, Ste. 656
          Cooper City, FL 33330
          (954) 212-2184
          (866) 577-0963 fax
          aweisberg@attorneysforconsumers.com