IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:10-cv-00657-WTH-DAB

DUSTIN and TINA HALL,

      Plaintiffs,

v.

CRESTWOOD MANAGEMENT, LLC,
a corporation, and JASON RAYFORD,
an individual,

      Defendants.

_____/

## AMENDED COMPLAINT

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4.      Plaintiffs, DUSTIN and TINA HALL ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Hernando, and City of Spring Hill.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, CRESTWOOD MANAGEMENT, LLC ("Defendant") or ("CRESTWOOD") is a limited liability company who at all relevant times was engaged, by use

of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.     At all relevant times herein, Defendant, JASON RAYFORD ("Defendant Rayford") was Owner of Defendant Crestwood.  As an officer, shareholder and/or director of Defendant Crestwood, Defendant Rayford was responsible for the overall success of the company.  Defendant Rayford is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant Crestwood's business; as the owner of Defendant Crestwood, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant Crestwood's affairs and Defendant Rayford continued to play a key role in maintaining and expanding Defendant Crestwood's debt collection activities throughout the time in question.

8.     Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.     Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     Defendants, via its agent and/or employee "Lisa Volstad," placed a telephone call to Plaintiffs on September 1, 2010 @ 1:13 P.M., and at such time, failed to disclose to Plaintiffs its true corporate or business name.

## COUNT I

13.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 12.

14.     Defendants violated 15 U.S.C. § 1692d(6) by failing to disclose Defendants' true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that Defendants violated  15 U.S.C. § 1692d(6);

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

15.     Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 30th  day of March 2011.

Respectfully submitted,
**DUSTIN and TINA HALL**


By: /s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com